# IN THE COURT OF COMMON PLEAS
# FRANKLIN COUNTY, OHIO
# CIVIL DIVISION AT COLUMBUS

Michael Asamoah
2721 Woodcroft Road
Columbus, Ohio 43204

vs.                                    Case No. 20CV007654

Amazon.com Services, Inc.
410 Terry Avenue North
Seattle, WA 98109-5210

**AMENDED COMPLAINT** UNDER Ohio Rev. Code Ch. 4112
**AND JURY DEMAND**

## I. Parties

A. Plaintiff Michael Asamoah is an African-American male. Plaintiff resides in the City of Columbus in the State of Ohio and is a citizen of the United States of America.

B. Plaintiff is an African-American male over the age of 40 and a qualified person with a disability.

C. Defendant Amazon is a corporation formed under the laws of Ohio. Defendant Amazon.com Services, Inc. is a corporation formed under the laws of Ohio with its corporate headquarters in Seattle in the State of Washington. Defendant is an online retailer that sells products such as books, music, videos, consumer electronics, apparel, sporting goods, tools and hardware, and toys through the Internet.

D. During all relevant times, Defendant was Plaintiff's employer within the meaning of all applicable statutes.

E. During all relevant times, Defendant employed more than 500 employees. Amazon.com Services, Inc. employs more than 550,000 employees worldwide.

## II. Jurisdiction

A. This Court has jurisdiction under Ohio Rev. Code Ch. 4112.

B. This Court has jurisdiction under Ohio Rev. Code Ch. 4112.02

and/or

C. Ohio Rev. Code Section 2315.

## III. Venue

Venue is proper in the Court of Common Pleas, Franklin County, Ohio, Civil Division at Columbus because defendant resides in this county and all the unlawful employment practices and discrimination complained of occurred in Franklin County.

## IV. Statement of Claims

### COUNT I

A. <u>Plaintiff brings this action alleging violations of Ohio Rev. Code Ch. 4112 et seq. concerning Amazon.com Services, Inc. unlawful employment practices prohibiting discrimination against an individual because of his race.</u>

1. Plaintiff alleges that there was a discriminatory animus by Amazon.com Services Inc. when its Area Manager Dalton Ferrell made a racist offensive statement when he terminated plaintiff.

2. Plaintiff, an African-American was hired by Amazon.com Services Inc. as an Associate on December 4, 2018 to work at its location on 3800 Lockbourne Industrial Parkway, Columbus, OH 43207.

3. Plaintiff was an excellent worker and has great work ethics.

4. Plaintiff was never absent from work when he was employed by Amazon.com Services Inc.

5. Plaintiff was the only associate from his shift that never missed a day of work.

6. **All the other Associates that worked with Plaintiff had two or more absences. However, they were never disciplined nor terminated.**

7. Plaintiff was recognized as an excellent worker by Defendant.

8. Amazon.com Services, Inc. (Amazon) managerial staff awarded Plaintiff a bonus for being a good worker.

9. Amazon managerial staff awarded Plaintiff for his excellent work by giving him a gift card.

10. Plaintiff never violated any attendance policy or employment policy while working for Defendant.

11. Defendant Amazon violated the anti-discrimination provision prohibiting discrimination against an individual because of his race.

## COUNT II

B. **Plaintiff alleges that Amazon's Area Manager Dalton Ferrell conduct was illegal, outrageous and violated Ohio Fair Employment Practices Laws of the Ohio Rev. Code Ch. 4112 prohibiting discrimination against an individual's ancestry or national origin because there was no legitimate, nondiscriminatory reason for terminating Plaintiff who had no absences and never violated any of Amazon's employment policies.**

1. Defendant's conduct is a violation of Chapter 4112 of the Ohio Revised Code prohibiting discrimination against any individual with respect to his ancestry or national origin.

2. Plaintiff alleges that there was a discriminatory animus by Amazon when its manager terminated Plaintiff's employment.

3. On March 9, 2019, Plaintiff was sick. Plaintiff called Amazon's Human Resources(HR) office to notify them that he sick.

4. Plaintiff was not scheduled to work until Friday, March 15, 2019.

5. Plaintiff was scheduled to work at 5:00 p.m. on Friday, March 15, 2019.

6. Amazon's HR staff told Plaintiff that he should bring his doctor's note when he returns to work.

7. There was no HR staff at the location where Plaintiff worked.

8. On March 15, 2019, Plaintiff went to work. Plaintiff clocked in at 4:50 p.m.

9. Few minutes after Plaintiff clocked in, he was approached by a new manager by the name of Dalton Ferrell.

10. Area Manager Dalton Ferrell asked Plaintiff what he was doing at Amazon.

11. Area Manager Dalton Ferrell told Plaintiff that he had terminated him already.

12. Amazon's Area Manager Dalton Ferrell was very loud, unprofessional and rude while talking to Plaintiff.

13. **Amazon's Area Manager Dalton Ferrell made derogatory statements regarding what he thought was Plaintiff's ancestry or national origin while asking Plaintiff to give him his Amazon badge.**

14. Amazon's Area Manager Dalton Ferrell was very irate and made racist derogatory statements while terminating Plaintiff.

15. Plaintiff was very upset. Plaintiff did not want to get into any physical confrontation with the ignorant, rude and unprofessional manager.

16. Plaintiff gave the irate, ignorant, rude and unprofessional Amazon Area Manager Dalton Ferrell his badge and went home.

17. Plaintiff went home and call Amazon's HR office.

18. After Plaintiff talked to Amazon's HR staff, they investigated the matter and told Plaintiff that his manager terminated him before he was scheduled to work.

19. Amazon's own HR staff at their 1-888-892-7180 phone number confirmed that Plaintiff never missed a day of work and was terminated before he was scheduled to work.

20. Amazon's own HR staff confirmed that the manager's action was inconsistent with their HR procedures and that he should go to the site and ask for an appeal.

21. Plaintiff went back to the site. However, there was no HR staff on site for several days.

# COUNT III

C. **Plaintiff brings this Action to Allege That There Was a Wrongful Discharge in Violation of Public Policy When Amazon Terminated Plaintiff's Employment.**

1. Amazon's Area Manager Dalton Ferrell discriminated against Plaintiff by terminating his employment without just cause.

2. Plaintiff was hired by Defendant in December 2018 and remained there as a great worker until he was terminated in 2019.

3. As an associate, Plaintiff received an allotment of Unpaid Personal Time("UPT") to cover time-off for any reason. Plaintiff never used his UPT.

4. **Plaintiff had all of his UPT hours available at the time Defendant's manager started the process of termination.**

5. No associate from Plaintiff's shift and department was ever disciplined or terminated for having all their UPT hours available.

6. Plaintiff never received any external or internal complaint while working for defendant.

7. Plaintiff never had any disciplinary action taken against him while working for defendant.

8. There were never any performance issues while plaintiff worked for defendant.

9. Plaintiff was never demoted.

10. Despite the quality of work performed and completed by plaintiff, Defendant's manager terminated Plaintiff without just cause.

11. Amazon.Com Services, Inc. termination of Plaintiff's employment violated the public policy for wrongful discharge.

12. Amazon.Com Services, Inc. did not comply with appropriate protocols before Plaintiff's employment was terminated.

13. There were no documentations of Plaintiff violating any of Amazon.Com Services, Inc. attendance or employment policies.

14. All the other Associates that worked with Plaintiff had two or more absences. However, they were never disciplined or terminated.

15. Defendant did not treat similarly situated associates equally because "comparators" received better treatment.

## COUNT IV

D. **Plaintiff alleges that Amazon violated the Disability Discrimination Provisions of the Ohio Civil Rights Act.**

1. Plaintiff was hired by Amazon in December 2018 and remained there as a great worker until Area Manager Dalton Ferrell terminated his employment in 2019 because he regarded Plaintiff as having an impairment.

2. Plaintiff was faster and more efficient in performing his job than most of the associates on his shift.

3. **Plaintiff was better in managing his time and completing his job assignment than all the other associates on his shift.**

4. On March 9, 2019, Plaintiff was sick and went to the doctor.

5. Plaintiff was advised by his doctor not to go to work for several days.

6. Plaintiff called Amazon's Human Resources office to notify them that he was sick.

7. Plaintiff was given a valid doctor's note to take to work.

8. On March 15, 2019, Plaintiff went to work and presented the valid doctor's note to Defendant's manager as he was instructed to by Defendant's own HR staff.

9. Amazon Area Manager Dalton Ferrell refused to honor the doctor's note.

10. Plaintiff complaint to Amazon's management that it is not right to refuse to accept a valid doctor's note.

11. Amazon Area Manager Dalton Ferrell stated that he did not care about the doctor's note.

12. Plaintiff had no disciplinary action taken against him while working for Defendant.

13. There were never any performance issues with Plaintiff.

14. Plaintiff was never demoted.

15. Plaintiff never received any reduction in pay.

16. Plaintiff never received any external or internal complaint(s) while working for Amazon.

17. Despite the quality of work performed and completed by Plaintiff, Defendant hired and replaced Plaintiff with a younger employee.

## COUNT V

E. **Plaintiff Alleges that Amazon violated the Anti-retaliation Provision of Ohio Revised Code Chapter 4112 When Its Area Manager Terminated Plaintiff for Speaking out Against Amazon's Discriminatory Action Because Plaintiff's Action was based on a Reasonable Suspicion of Discrimination.**

1. Amazon violated Plaintiff's rights when its managerial staff refused to honor a valid doctor's note and retaliated by terminating his employment with Defendant.

2. Plaintiff has a right to present a valid doctor's note when he returned to work.

3. Plaintiff complained to Amazon's management that it is not right to refuse to accept a valid doctor's note.

4. Plaintiff also complained and opposed the discrimination to Area Manager Dalton Ferrell's boss, Mr. Chandler Wittel about Ferrell's refusal to accept and honor the valid doctor's note.

5. Defendant's knowledge of Plaintiff's complaints of the refusal to accept the doctor's note and retaliating by terminating his employment is a violation of the Anti-retaliation provision of Ohio Revised Code Chapter 4112.

6. Amazon's refusal to accept and honor the valid doctor's note and use it as a reason to discriminate and terminate Plaintiff is a violation of Ohio Civil Rights Act prohibition of Anti-retaliation provision of Ohio Rev. Code Ch. 4112.

## COUNT VI

F. **Plaintiff Alleges that Defendant Intentionally caused Plaintiff Emotional Distress**

1. Amazon Area Manager Dalton Ferrell's conduct was extreme and outrageous.

2. Terminating Plaintiff who was sick and presented a doctor's note was reckless and caused Plaintiff severe emotional distress.

3. **Terminating Plaintiff who never had any performance issues and never violated any of Defendant's employment policies transcends all bounds of decency tolerated by our society.**

4. Amazon Area Manager Dalton Ferrell terminating Plaintiff caused Plaintiff emotional distress.

5. Plaintiff suffered emotional distress.

## V. RELIEF

Wherefore, Plaintiff respectfully requests judgment against the Defendant as follows:

1. Declaring that Defendant's managerial staff conduct was outrageous and illegal.

2. Declaring that Defendant's conduct has violated Plaintiff's rights as secured by Ohio Revised Code Chapter 4112 to prohibit unlawful discrimination.

3. An order compelling defendant to put Plaintiff in the position he would have been but for defendant's wrongful conduct.

4. Awarding compensatory damages, liquidated and unliquidated on each and every cause of action, including but not limited to damages for mental distress and humiliation, embarrassment, degradation, emotional and physical distress, and other non-pecuniary losses as will fully compensate plaintiff for the injuries caused by defendant's discriminatory conduct.

5. Awarding back pay and unpaid wages on each and every cause of action.

6. Awarding wage loss.

7. Awarding lost earnings and benefits.

8. Awarding front pay.

9. Awarding lost medical and dental insurance.

10. Awarding lost retirement plans benefits.

11. Awarding lost stock options and profit sharing.

12. Awarding job-search costs.

13. Awarding special and punitive damages on each and every cause of action.

14. Awarding such other and additional relief as may be necessary to make Plaintiff whole on each and every cause of action.

15. Awarding emotional and medical damages.

16. Awarding attorney's fees in prosecuting this action.

17. Awarding Plaintiff his costs and disbursements in prosecuting this action.

18. Awarding such other equitable relief as this Court deems just and proper.

19. Awarding Twenty-five million Dollars ($25,000,000) in total damages.

## DEMAND FOR TRIAL BY JURY

Pursuant to Ohio Civ. R. 38, Plaintiff demands a jury trial.

_____
Michael Asamoah
Attorney for Plaintiff

2721 Woodcroft Road
Columbus, Ohio 43204

(614) 274-9446

(614) 377-8381

~~[redacted]~~

12-10-2020

## Certificate Of Service

This is to certify that a copy of the foregoing was served upon Defendant by means of the Court's electronic filing system.
A copy of the foregoing was also served on Amazon at the following address:

Amazon.Com Services, Inc.
410 Terry Avenue North
Seattle, WA 98109 – 5210

HR Director
Amazon.Com Services, Inc.
3800 Lockbourne Industrial Pkwy
Obetz, OH 43207

Michael Asamoah
Attorney for Plaintiff

2721 Woodcroft Road
Columbus, OH 43204

(614) 274 - 9446

12-10-2020