IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL ASAMOAH,** | : | |
| | : | **Case No. 2:20-cv-3305** |
| **Plaintiff,** | : | |
| | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| **AMAZON.COM SERVICES, INC.,**[1] | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

| | | |
|---|---|---|
| **MICHAEL ASAMOAH,** | : | |
| | : | **Case No. 2:21-cv-0003** |
| **Plaintiff,** | : | |
| | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| **AMAZON.COM SERVICES, INC.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on seven outstanding motions: (1) a Motion for Default Judgment by Plaintiff Michael Asamoah (ECF No. 6); (2) a Motion to Remand by Mr. Asamoah (ECF No. 11); (3) a Motion to Certify an Order for Interlocutory Appeal by Mr. Asamoah (ECF No. 13); (4) a Motion to Strike Notice of Removal by Mr. Asamoah (ECF No. 14); (5) a Motion

---

[1] Defendant's proper name is Amazon.com Services LLC.

1

for Default Judgment by Mr. Asamoah (ECF No. 15); (6) a Motion to Compel by Mr. Asamoah (ECF No. 17); and (7) a Motion to Consolidate by Defendant Amazon.com Services, Inc. ("Amazon") (ECF No. 20). For the following reasons, the Court **DENIES** Mr. Asamoah's Motion to Remand, **DENIES** both of Mr. Asamoah's Motions for Default Judgment, **DENIES** Mr. Asamoah's Motion to Certify, **DENIES** Mr. Asamoah's Motion to Strike, **DENIES** Mr. Asamoah's Motion to Compel, and **GRANTS** Amazon's Motion to Consolidate.

## II. BACKGROUND

### A. Facts

Michael Asamoah is African American and a former Fulfillment Associate for Amazon. He worked for Amazon from December 4, 2018, to on or around March 15, 2019. Per his employment agreement with Amazon, Mr. Asamoah was an at-will employee and received an allotment of Unpaid Personal Time ("UPT") to cover time off work for any reason. During his employment, Amazon rewarded Mr. Asamoah for his work through bonuses and gift cards. Mr. Asamoah did not miss any days of work prior to early March 2019, and he had never used any of his UPT.

On March 9, 2019, Mr. Asamoah became sick and went to the doctor, who told him not to go to work for "several days." (2:20-cv-3305, ECF No. 1 at 8). He called Amazon's Human Resources office to notify them he was sick and was instructed to bring a doctor's note with him when he returned to work. Mr. Asamoah then reported to his next scheduled shift on March 15. Upon his return, he presented his doctor's note to his new manager, Dalton Ferrell. Mr. Ferrell allegedly refused to accept the note and instead informed Mr. Asamoah that he had already been terminated. During that interaction, Mr. Ferrell also made remarks that Mr. Asamoah perceived to be racist and discriminatory against his national origin. Mr. Asamoah complained to Mr. Ferrell's

2

boss about Mr. Ferrell's "refusal to accept and honor the valid doctor's note." (*Id.* at 11). He also reported the incident to Amazon's Human Resources department, who told Mr. Asamoah that Mr. Ferrell's decision to terminate him did not comport with Company procedures.

Mr. Asamoah filed a charge of discrimination (the "Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission the next day, on March 20, 2019. In the Charge, he alleged he was the victim of race and national origin discrimination in violation of Title VII. Mr. Asamoah submitted that he was not given a reason for his termination, but that he believed it occurred because of his "race, Black" and because he was "perceived to be of an African Ancestry because of [his] last name." (2:20-cv-3305, ECF No. 23-3). He made no other claims of discrimination in the Charge.

**B. Procedural History**

Mr. Asamoah received a Right to Sue letter from the EEOC on April 1, 2020. (*Id.*). He then filed two cases pro se, one in federal court and one in state court.

<u>1. Federal Action</u>

On June 30, 2020, Mr. Asamoah filed his federal suit (the "Federal Action"), asserting seven causes of action, including unlawful race discrimination (Federal Count One) and unlawful national origin discrimination (Federal Count Two), in violation of Title VII of the Civil Rights Act of 1964; unlawful age discrimination, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") (Federal Count Three); unlawful disability discrimination, in violation of the Americans with Disabilities Act of 1990 ("ADA") (Federal Count Four); and unlawful retaliation, in violation of Title VII (Federal Count Five). (2:20-cv-3305, ECF No. 1). He also alleges state law violations for breach of implied contract (Federal Count Six) and intentional

infliction of emotional distress (Federal Count Seven). Amazon was served with notice of the Federal Complaint on July 6, 2020.

On August 17, 2020, Amazon moved to dismiss the suit for failure to state a claim. (2:20-cv-3305, ECF No. 23). Mr. Asamoah filed his own Motion for Default Judgment against Amazon on August 20, 2020. (*Id.*, ECF No. 25). The Court responded to both motions on December 7, 2020, denying Mr. Asamoah's motion for default judgment and granting in part Amazon's motion to dismiss. The Court dismissed without prejudice Federal Counts Three, Four, Five, Six, and Seven but permitted Federal Counts One and Two to move forward.

## 2. State Action

On November 25, 2020, Mr. Asamoah filed this suit in the Court of Common Pleas of Franklin County, Ohio (the "State Action"). (ECF No. 1). Mr. Asamoah filed an Amended Complaint on December 10, 2020, asserting six causes of action, including unlawful racial discrimination (State Count One) and unlawful ancestry or national origin discrimination (State Count Two), in violation of Ohio Rev. Code § 4112.02(A); wrongful discharge, in violation of public policy (State Count Three); unlawful disability discrimination, in violation of Ohio Rev. Code § 4112.02(A) (State Count Four); unlawful retaliation, in violation of Ohio Rev. Code § 4112.02(I) (State Count Five); and intentional infliction of emotional distress (State Count Six). Amazon was served with notice of the State Complaint on December 7, 2020, and was required to answer within twenty-eight days, or by January 4, 2021. *See* Ohio R. Civ. P. 12.

On January 4, 2021, Amazon filed a Notice of Removal based on federal diversity jurisdiction: the parties are completely diverse and the amount in controversy exceeds $75,000. (ECF No. 1). On the same day, Mr. Asamoah filed his first Motion for Default Judgment, claiming Amazon failed to answer the Complaint timely. (ECF No. 6). On January 5, 2021, Amazon filed a

4

Motion to Extend Amazon's Time to Respond to Mr. Asamoah's Amended Complaint. (ECF No. 3). The Court granted the extension, moving Amazon's deadline to respond to the Complaint to February 1, 2021. (ECF No. 8). On January 12, 2021, the Court stayed Amazon's response deadline until after the Court resolved forthcoming motions to remand and to consolidate. (ECF No. 10).

Mr. Asamoah filed a Motion to Remand on January 13, 2021, claiming that removal was improper because Mr. Asamoah's claims did not implicate federal question jurisdiction. (ECF No. 11). On January 22, 2021, Mr. Asamoah filed a Motion to Certify for Interlocutory Appeal with the Court, asking for appellate review of the removal to federal court. (ECF No. 13).

On January 6, 2021, Mr. Asamoah filed a Motion to Strike Amazon's Notice of Removal arguing that "the case is not removable." (ECF. No. 14). On the same day, Mr. Asamoah filed a Motion for Default Judgment, claiming again that Amazon failed to answer the Complaint timely. (ECF No. 15). On February 4, 2021, Mr. Asamoah filed a Motion to Compel Initial Disclosure. (ECF No. 17). Finally, Amazon filed its own Motion to Consolidate this case with the Federal Action on February 19, 2021. (ECF No. 20).

### III. LAW & ANALYSIS

#### A. Motion to Remand

Civil actions brought in state court may be removed to the applicable federal district court by a defendant if the federal court has original jurisdiction over the claim. 28 U.S.C. § 1441(a). Original jurisdiction exists in several situations, including when diversity jurisdiction is properly invoked. Diversity jurisdiction requires that the parties be completely diverse and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

To satisfy the complete diversity requirement, the parties must be citizens of different states. 28 U.S.C. § 1332(a). A corporation is a citizen of every state where it is incorporated and

where it has its principal place of business. *Id.* § 1332(c)(1). Amazon is incorporated in the state of Delaware and has its principal place of business in the state of Washington. (ECF No. 1 at 2–3). Mr. Asamoah is a citizen of Ohio. (ECF No. 5 at 2). Thus, the parties are completely diverse. Additionally, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." *Id.* § 1332(a). Mr. Asamoah requests multiple forms of relief, including $25,000,000 in damages in his Amended Complaint. (ECF No. 5 at 12). As Mr. Asamoah has conceded that the he seeks damages that exceed $75,000, this amount in controversy has also been satisfied. Accordingly, the Court finds that diversity jurisdiction exists in this case and that removal to federal court was proper. Mr. Asamoah's Motion to Remand (ECF No. 11) is **DENIED**.

### B. Motions for Default Judgment

#### 1. Standard of Review

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. When a party against whom a judgment for relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55.

An entry of default does not automatically entitle the plaintiff to a default judgment. *See F.C. Franchising Sys., Inc. v. Schweizer*, No. 1:11-CV-740, 2012 WL 1945068, at *3 (S.D. Ohio May 30, 2012). The party seeking the default must show the court that, "when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." *Methe v. Amazon.com.dedc, LLC*, No. 1:17-CV-749, 2019 WL 3082329, *1 (S.D. Ohio July 15, 2019) (quoting *Said v. SBS Elecs., Inc.*, No. 1:08-CV-3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010)).

When considering whether to enter default judgment, the Sixth Circuit instructs courts to take into account the following factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

### 2. First Motion for Default Judgment

When Amazon was served with a copy of the State Action Complaint on December 7, 2020, it had until January 4, 2021 to file its Answer. *See* Ohio R. Civ. P. 12(A)(1) ("The defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him."). On January 4, 2021, however, Amazon filed a Notice of Removal based on federal diversity jurisdiction. (ECF No. 1). The removal filing triggered an automatic seven-day extension to file a response in federal court. *See* Fed. R. Civ. P. 81(c)(2)(C) ("A defendant who did not answer before removal must answer or present other defenses or objections under these rules within . . . 7 days after the notice of removal is filed."). Amazon therefore had until January 11, 2021 to file its response with this Court.

Mr. Asamoah prematurely filed his first Motion for Default Judgment. Rather than wait to see if Amazon filed within the seven-day extension period, Mr. Asamoah filed his first Motion for Default Judgment on the original answer deadline date, January 4, 2021, alleging Amazon failed to answer the Complaint timely. (ECF No. 6). For this reason, Mr. Asamoah's first Motion for Default Judgment (ECF No. 6) is hereby **DENIED**.

### 3. Second Motion for Default Judgment

Mr. Asamoah filed a second Motion for Default Judgment on January 26, 2021, which used nearly identical wording as his first motion. On January 12, 2021, the Court stayed Amazon's

response deadline until after the Court resolved forthcoming motions to remand and to consolidate. Because neither the Motion to Remand nor the Motion to Consolidate had been resolved when this motion was filed, Mr. Asamoah's second Motion for Default Judgment (ECF No. 15) is hereby **DENIED**.

### C. Motion to Certify Order for Interlocutory Appeal

Interlocutory appeals are to be reserved for "exceptional circumstances" and are generally disfavored. *Sinclair v. Schriber*, 834 F.2d 103, 105 (6th Cir. 1987). The burden rests on the party seeking certification of an interlocutory appeal to show that exceptional circumstances exist warranting the interlocutory appeal. *Alexander v. Provident Life & Acc. Ins. Co.*, 663 F. Supp. 2d 627, 639 (E.D. Tenn. 2009) (citing 28 U.S.C. § 1292(b)).

Under § 1292(b), the Court may issue relief of an interlocutory appeal only if three criteria are satisfied: (1) the question must involve a controlling issue of law; (2) there must be a substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of litigation. *Id.*; *Cook v. Erie Ins. Co.*, No. 2:18-cv-00282, 2021 WL 1056626, at *2 (S.D. Ohio Mar. 19, 2021). The Sixth Circuit has steadfastly held that the history of § 1292(b) plainly shows that the statute is "not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974).

Mr. Asamoah's Motion to Certify Order for Interlocutory Appeal fails to identify a legal question that the Court can appropriately certify for appeal. Instead, the motion asks the Court "to amend the Court's Order of January 6, 2021, involving Amazon's Motion for Notice of Removal." (ECF No. 13). Amazon's Notice of Removal, however, is not a motion, and the Court did not issue

an order granting the removal.² A notice of removal is automatically applied when a defendant properly files all applicable materials with the state and federal courts. *See* 28 U.S.C. §§ 1446–47. This Court did not issue an order pertaining to the validity of the Notice of Removal prior to addressing Mr. Asamoah's Motion to Remand above. Additionally, Mr. Asamoah's Motion to Remand, not this Motion to Certify an Order for Interlocutory Appeal, was the proper route to challenge removal. Therefore, Mr. Asamoah's Motion to Certify for Interlocutory Appeal (ECF No. 13) is **DENIED**.

### D. Motion to Strike

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are infrequently granted and viewed with disfavor. *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953); *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977). Motions to strike should be granted if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir.1991) (citations and internal quotation marks omitted).

Mr. Asamoah's Motion to Strike asks the Court to strike Amazon's Notice of Removal, arguing that this action is not removable because none of the claims arises under the Constitution, laws, or treaties of the United States. Mr. Asamoah's motion fails to consider that federal courts also have subject matter jurisdiction over claims involving diversity of citizenship, where the parties are comprised of diverse citizens and the amount in controversy is greater than $75,000.

---

² The Court did enter a Related Case Memorandum Order on January 6, 2021, which determined that cases 2:20-cv-0003 and 2:20-cv-3305 are related.

9

*See* 28 U.S.C. § 1332(a). Because the Court has diversity jurisdiction over this matter, removal was proper.

Additionally, Mr. Asamoah has failed meet his burden for this motion. The Federal Rules allow a court to strike insufficient defenses or redundant, immaterial, impertinent, or scandalous matters. Amazon's Notice of Removal is not a defense, and Mr. Asamoah has not demonstrated that the removal notice was redundant, immaterial, impertinent, or scandalous. Therefore, Mr. Asamoah's Motion to Strike (ECF No. 14) is **DENIED**.

### E. Motion to Compel

The Federal Rules of Civil Procedure require parties to provide certain initial disclosures regardless of whether they receive a discovery request. *See* Fed. R. Civ. P. 26(a)(1). A party must provide the initial disclosure "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference . . . ." Fed R. Civ. P. 26(a)(1)(C). If one party does not comply with the rules, another party may file a motion for an order to compel initial disclosure. Fed. R. Civ. Pro. 37(a)(1). The movant must include a certification that they have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Additionally, Local Rule 37.1 states that before filing a motion to compel, the parties must exhaust all extrajudicial means for resolving their differences and issues. S.D. Ohio Civ. R. 37.1

No Rule 26(f) conference has yet taken place for this action. The Federal Rules of Civil Procedure make clear that Amazon does not have a duty to disclose any information until the conference has occurred. Additionally, Mr. Asamoah's motion fails to include a certification showing he made any attempt to speak with Amazon prior to filing. Amazon states that it never received any communication from Mr. Asamoah attempting to correct this issue extrajudicially.

(ECF No. 21 at 2). Mr. Asamoah did not comply with the rules for filing a Motion to Compel. Accordingly, the Court hereby **DENIES** Mr. Asamoah's Motion to Compel. (ECF No. 17).

### F. Motion to Consolidate

Amazon moves to consolidate the Federal Action (2:20-cv-3305) and the State Action (2:21-cv-003). When actions before a court involve a common question of law or fact, the Court has the discretion to: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

To consolidate the actions, there does not need to be "complete identity of legal and factual issues posed in the cases which are the subject of the request." *J4 Promotions, Inc. v. Splash Dogs, LLC,* Nos. 2:09-cv-136, 2:10-cv-432, 2010 WL 3063217, at *1 (S.D. Ohio Aug. 3, 2010). The goal of consolidation "is to administer the court's business with expedition and economy while providing justice to the parties." *Stillwagon v. City of Delaware*, No. 2:14-CV-1606, 2016 WL 6094157, at *2 (S.D. Ohio Oct. 19, 2016) (internal quotations omitted). The Court must ensure "that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

District courts have broad discretion when determining when consolidation is appropriate and should consider the following factors when making the decision:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Stillwagon*, 2016 WL 6094157, at *2.

The state and federal actions at issue here share numerous commonalities of fact. They involve identical parties and counsel, and both actions relate to the allegedly unlawful termination of Mr. Asamoah. The complaints in the two actions contain virtually identical wording, causes of action, and requested relief. Additionally, Mr. Asamoah appears to treat both actions interchangeably, as evinced by the various motions that have been filed in both cases, even when not entirely fitting or relevant. It is not in the best interest of either party to expend the time, money, or resources that would be required to resolve these two, nearly identical lawsuits separately.

Furthermore, consolidation of the state and federal actions will promote efficiency and judicial economy while preventing the possibility of inconsistent judgments. This Court began adjudicating Mr. Asamoah's federal claim nearly five months before the state action was filed. Resolving the consolidated cases together will help prevent possible confusion that may result from inconsistent decisions of common factual issues, and it will conserve judicial resources. Because the cases share common questions of fact and consolidation will facilitate efficiency, the Court hereby **GRANTS** Amazon's Motion to Consolidate.

Going forward, the Court hereby **ORDERS** the parties in this matter to submit all future filings under the following case and caption:

| | |
|---|---|
| **MICHAEL ASAMOAH,** | : |
| | : **Case No. 2:20-cv-3305** |
| **Plaintiff,** | : |
| | : **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. | : |
| | : **Magistrate Judge Elizabeth P. Deavers** |
| **AMAZON.COM SERVICES, INC.,** | : |
| | : |
| | : |
| **Defendant.** | : |

The Court issues this instruction to promote efficient litigation and to ensure parties receive timely notice of new occurrences as they arise.

### IV. VEXATIOUS LITIGATOR

As Magistrate Judge Vascura has previously explained:

> Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-cv-103, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 20, 2017) (quoting *Johnson v. Univ. Housing*, No. 2:06-cv-628, 2007 WL 4303729, at *12 (S.D. Ohio, Dec. 10, 2007) . . . The Sixth Circuit has upheld various prefiling restrictions trial courts have imposed on vexatious litigators. *See, e.g.*, *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A.*, 151 F.3d 264, 269 (6th Cir. 1998); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 95-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995).

*Clemons v. Ohio State Univ.*, No. 2:18-CV-1217, 2018 WL 6931871, at *4 (S.D. Ohio Nov. 5, 2018), *report and recommendation adopted sub nom. Clemons v. Kasich*, No. 2:18-CV-1217, 2018 WL 6499516 (S.D. Ohio Dec. 11, 2018), *aff'd sub nom. Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197 (6th Cir. May 2, 2019).

Mr. Asamoah has filed more than ten active lawsuits in the Southern District of Ohio in the past two years, each presenting virtually identical complaints, and many of which are unquestionably meritless. Accordingly, this Court deems Mr. Asamoah a vexatious litigator and **ENJOINS** him from filing any new action in any court in this district, unless he accompanies such a new action with a certificate from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Mr. Asamoah seeks to assert.

If Mr. Asamoah files another complaint in this or any other court, he is **ORDERED** to include the captions and case numbers of all his prior actions.

Case No. 2:21-cv-4039
Case No. 2:21-cv-4038
Case No. 2:21-cv-4026
Case No. 2:21-cv-4025
Case No. 2:21-cv-3724
Case No. 2:21-cv-0003
Case No. 2:20-cv-6590
Case No. 2:20-cv-5376
Case No. 2:20-cv-3305
Case No. 2:19-cv-5507
Case No. 2:19-cv-5292

The Clerk is **DIRECTED** to refuse to docket any new complaint unless it is accompanied by the required certificate.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Asamoah's Motion to Remand, **DENIES** both of Mr. Asamoah's Motions for Default Judgment, **DENIES** Mr. Asamoah's Motion to Certify, **DENIES** Mr. Asamoah's Motion to Strike, **DENIES** Mr. Asamoah's Motion to Compel, and **GRANTS** Amazon's Motion to Consolidate.

Further, Mr. Asamoah is **DEEMED A VEXATIOUS LITIGATOR** and is **ENJOINED** from filing any new actions without submitting a statement from an attorney licensed to practice in this Court or the State of Ohio certifying that there is a good faith basis for the claims Mr. Asamoah seeks to assert. Mr. Asamoah is further **ORDERED** to include the captions and case numbers of all his prior actions, should he file a complaint in this or any other court.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 17, 2021**