IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL ASAMOAH,**

    **Plaintiff,**

    v.

**AMAZON.COM SERVICES, INC.,**

    **Defendant.**

Civil Action 2:21-cv-0003[1]
Chief Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Recoup Costs and Attorneys' Fees Associated with Defendant's Motion to Compel. (ECF Nos. 61, 62 (the "Motion for Fees").) The Motion is **GRANTED IN PART**. Plaintiff is hereby **ORDERED** to pay Defendant a total of **$3,243.00** within **THIRTY (30) DAYS** of this Opinion and Order.

### I.

On March 3, 2023, Defendant Amazon.com Services, Inc. ("Amazon")[2] filed a Motion to Compel, seeking to compel Plaintiff to serve his initial disclosures and responses and all responsive documents to Amazon's discovery requests. (ECF Nos. 56, 57 (the "Motion to Compel").) Plaintiff did not respond, so on April 3, 2023, the Court granted the Motion to Compel. (ECF No. 59.) The Court also granted Amazon leave to move to recoup its costs and attorneys' fees associated with preparing and presenting the Motion to Compel. (*Id.*) On June 8,

---

[1] This case will be referred to below as "*Asamoah II*."

[2] Defendant maintains that it is incorrectly named in the Complaint as Amazon.com Services, Inc., and that it should have been named as Amazon.com Services LLC. (*See* ECF No. 60 at PAGEID # 845.)

2021, Amazon timely filed the subject Motion for Fees, seeking $8,109.85 in fees associated with preparing and presenting the Motion to Compel.  (ECF Nos. 61, 62.)  Plaintiff never responded to the Motion for Fees, so the issue is ripe for judicial review.

## II.

When determining reasonable attorneys' fees, "[i]t is well settled that the 'lodestar' approach is the proper method[.]"  *Barrett v. Green Tree Serv.*, 214 F. Supp. 3d 670, 674 (S.D. Ohio 2016) (quoting *Bldg. Serv. Local 47 Cleaning Conts. Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995)).  The lodestar approach considers "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  While there is a "strong presumption" that this lodestar figure represents a reasonable fee, *Ousley v. Gen. Motors Ret. Program for Salaried Emp.*, 496 F. Supp. 2d 845, 850 (S.D. Ohio 2006) (citing *Hensley*, 46 U.S. at 433), the movant bears the burden of proving that the number of hours expended and the rates claimed were reasonable, *Wilson v. Bridge Overlay Sys., Inc.*, No. 2:14-CV-156, c, at *1 (S.D. Ohio Jan. 14, 2016) (citing *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999)).

Important here, district courts have discretion "to adjust the [lodestar figure] upward or downward."  *Hensley*, 461 U.S. at 434; *see also Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) ("Once the lodestar figure is established, the trial court is permitted to consider other factors, and to adjust the award upward or downward to achieve a reasonable result.") (citation omitted).  When the Court lowers the award, it "should state with some particularity which of the claimed hours [it] is rejecting, which it is accepting, and why."  *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (citation omitted).

**III.**

Amazon seeks a total of $8,109.85 in attorneys' fees expended on the Motion to Compel and the subject Motion for Fees by three attorneys from the law firm of Morgan Lewis & Bockius LLP ("Morgan Lewis"), located in Chicago, Illinois, and Pittsburgh, Pennsylvania. (ECF Nos. 61, 62.) Broken down, this amounts to $4,349.45 for a total of 7.1 hours expended on the Motion to Compel, and $3,760.41 for a total of 5.3 hours expended on the Motion for Fees. (ECF No. 62-1 at PAGEID ## 859-861.)[3] Amazon argues that these fees are reasonable, even with out-of-town rates, because "Morgan Lewis represents Amazon nationwide, including in various matters in Ohio state and federal court, and is thoroughly familiar with its business and processes." (ECF No. 62 at PAGEID # 850.) Amazon also argues that these fees are reasonable given the attorneys' skill, experience, expertise in employment litigation, and Amazon knowledge. (*Id.* at PAGEID ## 850-851.) Finally, Amazon argues that the hours expended researching, drafting, editing, and preparing this Motion and conferring with Amazon regarding the arguments were reasonable. (*Id.* at PAGEID # 852.)

Plaintiff did not respond to the Motion. The matter is thus ripe for review, and the Court will address Amazon's arguments in turn.

**A.   Out-of-Town Rate**

The Sixth Circuit has acknowledged that counsel from outside the venue of the court of record "may be entitled to claim the rate of an 'out-of-town specialist.'" *Carty v. Metro. Life Ins. Co.*, No. 3:15-cv-01186, 2017 WL 660680, at *6 (M.D. Tenn. Feb. 17, 2017) (quoting *Hadix v.*

---

[3] In the Motion for Fees, Amazon submits that Attorney Maldonado spent 2.7 hours on the Motion for Fees. (ECF No. 62 at PAGEID # 852.) In the attached Declaration, however, Attorney Sweitzer attests that Attorney Maldonado expended 3.1 hours on the Motion for Fees. (ECF No. 62-1 at ¶ 13.) The attached billing statements confirm that Attorney Maldonado worked for 3.1 hours on the Motion for Fees. (ECF No. 62-1 at PAGEID # 874.)

*Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)). In evaluating such a request, a court must determine "(1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix*, 65 F.3d at 535 (citing *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768-69 (7th Cir. 1982) (noting that a court "has discretion to question the reasonableness of an out of town attorney's billing rate")). Amazon bears the burden of "showing that it was necessary to resort to an out-of-town specialist." *Harkless v. Husted*, No. 1:06-cv- 02284, 2011 WL 2149179, at *13 (N.D. Ohio Mar. 31, 2011).

Amazon argues that because "Morgan Lewis represents Amazon nationwide, including in various matters in Ohio state and federal court, and is thoroughly familiar with its business and processes . . . it was reasonable for Amazon to hire Morgan Lewis to defend this case." (ECF No. 62 at PAGEID # 850.) In support, Amazon attaches the Declaration of its trial attorney Stephanie L. Sweitzer. (ECF No. 62-1.) Attorney Sweitzer, a partner of Morgan Lewis, confirms that two associates, Andrew J. Barber and Danielle A. Maldonado, also represent Amazon here, and she attests that "[t]he fees that Morgan Lewis charged on this case were no more than usual and customary fees charged by attorneys of similar experience and ability in the Northern District of Illinois and Western District of Pennsylvania." (*Id.* at ¶¶ 7, 9.) Attorney Sweitzer also attached billing records which confirm that her hourly rate is $930.75, Attorney Barber's hourly rate is $675.75, and Attorney Maldonado's hourly rate is $552.50. (*Id.* at PAGEID ## 859-861, 872.)

In determining whether an out-of-town rate is appropriate, "the record should contain evidence that counsel made an 'attempt to investigate the availability of competent counsel in the local market.'" *Harkless*, 2011 WL 2149179, at *13 (quoting *Hadix*, 65 F.3d at 535). The

4

measuring standard is good faith. *U.S. ex rel. Trakhter v. Prov. Serv., Inc.*, No. 1:11-cv-217, 2019 WL 2422422, at *3 (S.D. Ohio June 10, 2019) (finding defendants had not made a "good-faith effort to identify local counsel" where they consulted only one other Ohio firm before retaining out-of-town counsel).

Here, there is nothing in the record showing that Amazon made any attempt, good faith or otherwise, to investigate the availability of competent counsel in the local market. *See Hadix*, 65 F.3d at 535 (refusing to apply an out-of-town rate where "the record [was] devoid of any suggestion that local counsel made any attempt to investigate the availability of competent counsel in the local market . . . [and where] petitioner[']s [only] justif[ication] [was] pointing to her nationally recognized expertise [and] her familiarity with the case"); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (emphasis added) (stating that all fee applicants must produce "satisfactory evidence . . . *in addition to* the attorney's own affidavits" that their requested rates are reasonable). Rather, Attorney Sweitzer merely states that the attorneys' rates are reasonable for the federal districts in which they typically practice. (*See* ECF No. 62-1 at ¶ 7 ("The fees that Morgan Lewis charged on this case were no more than usual and customary fees charged by attorneys of similar experience and ability ***in the Northern District of Illinois and Western District of Pennsylvania***.") (emphasis added).)

Attorney Sweitzer previously made this exact same argument, verbatim, when Amazon sought fees in other litigation involving this same Plaintiff. *See Asamoah I*, 2021 WL 2934711, at *4 (S.D. Ohio July 13, 2021), *objections overruled*, No. 2:20-CV-33052022 WL 765212 (S.D. Ohio Mar. 14, 2022), *appeal dismissed sub nom. Asamoah v. Amazon.com Services, LLC*, 6th Cir. No. 22-3328, 2022 WL 10075071 (6th Cir. 2022). But the Court rejected this argument in *Asamoah I*, noting that Amazon's lawyers' hourly rates – then between only $330 and $635 –

5

"are above the rates this Court generally approves." *Id.*  There, the Court applied an across-the-board reduction to Amazon's rates, effectively reducing Attorney Maldonado's hourly rate to $247.50, Attorney Barber's hourly rate to $367.50, and Attorney Sweitzer's hourly rate to $476.25.  *Id.*

Two years later, under identical circumstances, nothing has changed.  Again without evidence that Amazon investigated the availability of competent counsel in the local market, Amazon has not established the first prong of the test set forth in *Hadix*, that is, that hiring an out-of-state specialist in the first instance was reasonable.[4]  *See Harkless*, 2011 WL 2149179, at *15.  Accordingly, the Court must again rely on its own experience and relevant caselaw to determine a reasonable hourly rate.  *Asamoah I*, 2021 WL 2934711; *Asamoah v. Capstone Logistics, LLC*, No. 2:19-CV-5292, 2021 WL 422688, at *3 (S.D. Ohio Feb. 8, 2021) ("*Capstone*").

**B.     Hourly Rate**

In determining a reasonable hourly rate, "courts use as a guideline the prevailing market rate, defined as the rate that lawyers of *comparable skill and experience* can reasonably expect to command within the venue of the court of record."  *Geier*, 372 F.3d at 791 (emphasis added) (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)).  Specifically, regarding a request for attorneys' fees, "the primary concern is that the fee awarded be 'reasonable.'"  *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999)).  "A reasonable fee is 'adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'"  *Id.* (quoting

---

[4] As discussed further below, the subject Motion to Recoup Fees is substantively identical to what Amazon filed in *Asamoah I*.

*Geier*, 372 F.3d at 791). As the Sixth Circuit has explained, "[a] district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Pro. & Cas. Ins.*, 436 F. App'x 496, 499 (6th Cir. 2011) (citations omitted).

Once again, the Court notes that Amazon's lawyers' hourly rates, between $552.50 and $930.75, are well above the rates this Court generally approves. *See, e.g. McCarthy v. Ameritech Pub., Inc.*, 289 F.R.D. 258, 263 (S.D. Ohio 2013), *aff'd in part and rev'd in part by McCarthy v. Ameritech*, 763 F.3d 488 (6th Cir. 2014) (approving hourly rates ranging from $200 to $280 in an age discrimination case); *Stanich v. Hissong Grp. Inc.*, No. 2:09-cv-0143, 2010 WL 3732129, at *12 (S.D. Ohio Sept. 20, 2010) (finding that "$200 is a reasonable hourly rate for a lead attorney on an employment discrimination case") (citation omitted); *Lee v. Javitch, Block & Rathbone, LLP*, 568 F. Supp. 2d 870, 875 (S.D. Ohio July 30, 2008) (approving hourly rates ranging from $250 to $265 in an employment discrimination case). Also relevant is the Ohio State Bar Association's ("OSBA") 2019 Economics of Law Practice in Ohio Survey. *See Burgess v. Powers*, No. 1:05-cv-089, 2006 WL 8441744, at *4 (S.D. Ohio Dec. 22, 2006) (relying upon OSBA's 2004 Economics of Law Practice in Ohio survey to define a reasonable hourly rate in the legal community). According to that survey, the mean hourly billing rate for an Ohio employment lawyer in 2019 was $279, while the mean hourly billing rate for Ohio attorneys generally was $250. *Capstone*, 2021 WL 422688, at *3 (citing *The Econ. of Law Practice in Ohio in 2019*, Ohio State Bar Association at 44–45).

Upon consideration of relevant caselaw, the OSBA survey, and its own knowledge and experience, the Court will follow its previous path and conclude that an across-the-board reduction to all of Amazon's hour rates, consistent with this Court's analogous order in *Asamoah*

7

*I*, is appropriate here.  *Asamoah* I, 2021 WL 2934711, at *4; *see also Capstone*, 2021 WL 422688 (reducing hourly rates from between $335 and $520 to between $247.50 and $476.25 for Motion to Compel-related briefing involving the same Plaintiff) (citations omitted).

Rather than applying an across-the-board percentage reduction, however, the Court will reduce counsel's fees across the board to the same rates the Court awarded in *Asamoah I*.  See *Asamoah I*, 2021 WL 2934711, at *4.  Such reduction effectively takes Attorney Maldonado's hourly rate to $247.50, Attorney Barber's hourly rate to $367.50, and Attorney Sweitzer's hourly rate to $476.25.  *Id.*  While significantly lower than what Amazon seeks, as the Court noted in *Asamoah I*, "these adjusted rates are all at, or significantly above, the rates this Court typically is comfortable approving, but the Court nevertheless finds that such rates are reasonable in this case."  *Id.*

**C.     Hours Expended**

Next, the Court must determine whether the number of hours expended is reasonable. *Capstone*, 2021 WL 422688, at *4 (citing *Satgunam v. Basson*, No. 1:12-CV-220, 2017 WL 3634014, at *4 (W.D. Mich. Aug. 24, 2017)).  Although courts must exclude from the lodestar calculation hours that were not reasonably expended, "[c]ourts are not required to act as 'green-eyeshade accountants' and 'achieve auditing perfection.'"  *Szeinbach*, 2017 WL 2821706, at *2 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).  Rather, courts must simply do "rough justice." *Id*. (quoting *Fox*, 563 U.S. at 838).

Here, Amazon seeks fees and expenses for time related to Amazon's Motion to Compel, and time preparing the subject Motion.  (ECF No. 62 at PAGEID ## 851-852.)  Specifically, Amazon's lawyers claim to have spent the following amount of time on these issues:

8

- Attorney Maldonado (8.6 total hours): "5.50 hours on tasks related to Amazon's Motion to Compel, including but not limited to, researching, drafting, revising and preparing the Motion to Compel," plus "[3.1]5 hours researching, drafting, editing, and preparing [the Motion to Recoup Fees] and conferring with Amazon's counsel regarding the arguments raised herein." (*Id.*)

- Attorney Barber (0.7 total hours): "0.7 hours on tasks related to Amazon's Motion to Compel, including but not limited to, conferring with the Court regarding the Motion to Compel and revising his declaration in support of the Motion to Compel," plus no time on tasks related to the Motion to Recoup Fees. (*Id.* at PAGEID # 851.)

- Attorney Sweitzer (3.1 total hours): "0.9 hours on tasks related to Amazon's Motion to Compel, including, but not limited to, developing strategy for and revising the Motion to Compel," plus "2.2 [hours] developing strategy and revising the [Motion to Recoup Fees]." (*Id.*)

In sum, Amazon's lawyers submit that they spent 7.1 hours on the Motion to Compel, and 5.3 hours on the Motion to Recoup Fees. (*Id.*; *see also* ECF No. 62-1 at PAGEID ## 859-861.) Having reviewed the hours expended on the litigation, the Court finds that Attorney Maldonado and Attorney Barber's time is "supported by detailed descriptions of the attorneys' effort, and appear to this Court to be time reasonably expended on the matter." *Asamoah* I, 2021 WL 2934711, at *4 (citing *Carroll v. United Compucred Collections, Inc.*, No. 1:99- 00152, 2008 WL 3001595, at *4 (M.D. Tenn. July 31, 2008); *see also Stryker Corp. v. Ridgeway*, Nos. 1:13–cv–1066–RHB, 1:14–cv–0889–RHB, 2015 WL 3969816, at *6 (W.D. Mich. June 30, 2015) (finding the following hours expended reasonable: 8 hours related to the meet and confer

---

[5] *See* Note 3, *supra*.

requirement; 17.6 hours drafting the motion to compel; and 13 hours preparing the fee application)).

The Court cannot find the same, however, for the time Attorney Sweitzer spent on the Motion for Fees. As mentioned above, this is not the first motion to recoup fees that Attorney Sweitzer has worked on for Amazon against this Plaintiff. *See also Asamoah I*, S.D. Ohio Case No. 2:20-cv-3305, at ECF Nos. 57, 58. But upon further review, the Court finds that the subject briefing is substantially identical to Attorney Sweitzer's earlier briefing in *Asamoah I*. *Compare Asamoah I*, ECF Nos. 57, 58 *with Asamoah II*, ECF Nos. 61, 62. While the details underlying the procedural history of each case differ slightly, Amazon's legal argument remained substantially unchanged from one case to the next. *Id.* The same goes for the Declaration attached to the subject briefing, which tracks nearly verbatim Attorney Sweitzer's Declaration in *Asamoah I*. Indeed, the only material differences in the briefing from *Asamoah I* to now are the procedural history summaries, the attorneys' hourly rates, and the times expended by the attorneys. *Id.*

Given these near-identical submissions, the Court expects that Amazon's attorneys would have billed far less time on the Motion for Fees in the subject action than they did in *Asamoah I*. And on one hand, Attorney Maldonado and Attorney Barber's time aligns with this expectation, as the below chart summarizes:

|  | Attorney Maldonado | Attorney Barber |
|---|---|---|
| Motion to Recoup Fees, *Asamoah I*, S.D. Ohio Case No. 2:20-cv-3305, ECF No. 58 at PAGEID # 404 (June 8, 2021). | 11.4 hours | 3.7 hours |
| Motion for Fees, *Asamoah II*, S.D. Ohio Case No. 2:21-cv-003, ECF No. 62 at PAGEID # 852 (June 1, 2023). | 3.1 hours | 0.0 hours |

10

As discussed above, the Court finds these submissions to be reasonable.[6] But the same cannot be said for Attorney Sweitzer, however, as she billed *more* time on the subject Motion for Fees than she did in *Asamoah I*:

|  | Attorney Sweitzer |
|---|---|
| Motion to Recoup Fees, *Asamoah I*, S.D. Ohio Case No. 2:20-cv-3305, ECF No. 58 at PAGEID # 404. | 1.3 hours |
| Motion for Fees, *Asamoah II*, S.D. Ohio Case No. 2:21-cv-003, ECF No. 62 at PAGEID # 852 | 2.2 hours |

While 0.9 additional hours may not look like much, it is unreasonable for Attorney Sweitzer – an attorney who already had litigated these exact issues, with a favorable result from this Court – to have spent nearly twice as much time to review a document which was materially identical to one which the Court approved two years ago.[7] Put differently, Attorney Sweitzer's claimed 2.2 hours of work was not reasonable. *See Canter v. Blue Cross Blue Shield of Massachusetts, Inc.*, No. 1:17-CV-399, 2022 WL 17741066, *7 (S.D. Ohio Dec. 15, 2022) (noting attorney hours were not reasonably expended) (citations omitted). Instead, given the overlap in issues compared to *Asamoah I*, the shorter briefing than in *Asamoah I*, and having

---

[6] While the Court finds it reasonable, if not maximally efficient, for Amazon to employ all three attorneys for the subject briefing, the Court commented in *Asamoah I* about the potential futility of seeking fees from this Plaintiff. (*See* ECF No. 60.) The Court reiterates those concerns here, and cautions Amazon to re-evaluate the risks and rewards of continuing to seek such monetary sanctions from this Plaintiff.

[7] This conclusion is only reinforced by the fact that Attorney Sweitzer attached only ten (10) redacted pages of billing statements to support her Declaration in the subject briefing, while in *Asamoah I* she submitted twenty (20) redacted pages of billing statements to support her Declaration. (*Compare Asamoah I*, S.D. Ohio Case No. 2:20-cv-3305, ECF No. 58-1 *with Asamoah II*, S.D. Ohio Case No. 2:21-cv-003, ECF No. 62-1.)

fewer billing statements to review than in *Asamoah I*, the Court finds that it would have been reasonable for Attorney Sweitzer to expend 0.9 hours of time on the subject Motion to Recoup Fees. This amount of time equals that which Attorney Sweitzer spent on the underlying Motion to Compel, and it is reasonably less than the 1.3 hours of time she expended on the nearly identical Motion to Recoup Fees in *Asamoah I*. See *The Ne. Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 703 (6th Cir. 2016) ("[T]he court must provide a concise but clear explanation of its reasons for the fee award.") (internal quotation marks and citations omitted).

## IV.

For these reasons, the Court **REDUCES** the requested fees of $8,109.85 to $3,243.00 in light of the appropriate local hourly rate and what the Court determines to be a reasonable number of hours expended on the subject briefing, as summarized below:

|  | Attorney Maldonado | Attorney Barber | Attorney Sweitzer | Total |
|---|---|---|---|---|
| Motion to Compel | 5.5 hours at $247.50 hourly rate = $1,361.25 | 0.7 hours at $367.50 hourly rate = $257.25 | 0.9 hours at $476.25 hourly rate = $428.63[8] | **$2,047.13** |
| Motion for Fees | 3.1 hours at $247.50 hourly rate = $767.25 | 0.0 hours at $367.50 hourly rate = $0.00 | 0.9 hours at $476.25 hourly rate = $428.62 | **$1,195.87** |
|  |  |  |  | **$3,243.00** |

Accordingly, the Defendant's Motion to Recoup Costs and Attorneys' Fees Associated with Defendant's Motion to Compel, ECF No. 61, is **GRANTED IN PART** and **DENIED IN PART**, for a total award of **$3,243.00** in attorneys' fees. Plaintiff is hereby **ORDERED** to pay this amount within **THIRTY (30) DAYS** of the date of this Opinion and Order.

---

[8] Attorney Sweitzer's adjusted hourly rate ($476.25), multiplied by 1.8 hours of work on the Motion to Compel and Motion for Fees, equals $857.25. This total sum is accounted for in the provided chart, although for rounding purposes the amounts look different.

**IT IS SO ORDERED.**

**Date: August 15, 2023**  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**