IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ASAMOAH, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-00003 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| AMAZON.COM SERVICES, INC., | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before this Court on Defendant Amazon.com Services, Inc.'s Motion to Dismiss (ECF No. 63) and accompanying Memorandum in Support of the Motion to Dismiss (ECF No. 64). For the reasons that follow, Defendant's Motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff filed his original *pro se* federal action against Defendant in June 2020. (*Asamoah v. Amazon.com Services*, Case No. 2:20-cv-3305, ECF No. 1). On December 7, 2020, this Court dismissed five of the seven counts in Plaintiff's complaint. (*Id.* at ECF No. 32). Three days later, Plaintiff filed a new *pro se* action against Defendant in state court, asserting many of the same claims that had been dismissed three days prior. (21-cv-00003, ECF No. 1-1). Defendant filed a notice of removal in this court for those state law claims. (ECF No. 1). In February 2021, Defendant moved to consolidate cases 20-cv-3305 and 21-cv-00003. (ECF No. 20). At that point, Plaintiff had filed multiple motions for remand and summary judgment, among numerous other requests. (ECF Nos. 6, 11, 13, 14, 15, 17). In August 2021, this Court granted Defendant's Motion for Consolidation and deemed Plaintiff a vexatious litigator. (*Id.*).

1

Defendant moved to dismiss the claims in the consolidated case shortly thereafter, under the theory that they were substantially identical to the claims already dismissed. (ECF No. 25). This Court dismissed all but Plaintiff's state law claims for race, ancestry, and national origin discrimination. (ECF No. 41). Defendant served its First Set of Interrogatories Directed to Plaintiff and First Set of Requests for the Production of Documents Directed to Plaintiff on December 12, 2022. (ECF No. 57, Ex. 2). Having failed to receive a timely response, Defendant sent a discovery deficiency letter on January 18, 2023 (ECF No. 57, Ex. 3) and a second letter on February 3, 2023. (ECF No. 57, Ex. 4). To date, Plaintiff has not responded to the request for discovery or either letter. (ECF No. 64 at 4). Defendant filed the current Motion to Dismiss on June 30, 2023. Plaintiff failed to respond timely. As such, this Court considers Plaintiff to have waived his right to respond to Defendant's motion. This matter is now ripe for review.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) "gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999) (quoting Fed. R. Civ. P. 41(b)). The Sixth Circuit has advised district courts that this measure is available "as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Id.* at 363 (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). This Court considers four factors in deciding whether to dismiss a case for want of prosecution: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* And though "none of the factors is

2

outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).

The Sixth Circuit set forth the same test for dismissal pursuant to Federal Rule of Civil Procedure 37(b)(2). *O'Dell v. Kelly Servs., Inc.*, 334 F.R.D. 486, 491 (E.D. Mich. 2020) (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997)). And since such a dismissal is a severe sanction, it is not imposed unless the party's "noncompliance was due to 'willfulness, bad faith, or fault.'" *Id.* (quoting *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (citations omitted).

### III. LAW & ANALYSIS

Defendant argues that Plaintiff has committed a wholesale failure to participate in discovery. Indeed, Defendant avers that Plaintiff failed: (1) to comply with the initial disclosure deadline; (2) to respond to Defendant's many discovery requests; and (3) to comply with the Court's Motion to Compel Order. (ECF No. 64 at 4). Defendant contends that Plaintiff's conduct has been willful and in bad faith; prejudiced Defendant's ability to obtain discovery and defend itself in this litigation; continues despite Plaintiff being previously warned on multiple occasions; and has not been deterred by lesser sanctions, even in aggregate. Accordingly, Defendant maintains, Plaintiff's complaint must be dismissed.

Plaintiff's failure to respond to Defendant's Motion is considered by this Court to constitute a waiver of his right to respond to the Motion. Thus, this Court will consider the identical factors for dismissal under Rule 37(b)(2) and 41(b) together.

3

### A. Failure to prosecute or comply due to willfulness, bad faith, or fault

To demonstrate whether "a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (internal quotations and citations omitted)). Put differently, this factor requires "a clear record of delay or contumacious conduct," meaning such "behavior that is perverse in resisting authority and stubbornly disobedient." *Carpenter*, 723 F.3d at 704. And though courts "give *pro se* litigants a certain amount of leeway in prosecuting their cases—for example, their pleadings are liberally construed—they are not excused from complying with the applicable Court Rules, and they are certainly expected to comply fully with the Court's orders." *O'Dell v. Kelly Servs., Inc.*, 334 F.R.D. 486, 491 (E.D. Mich. 2020). When a party "repeatedly disregard[s] discovery deadlines, even after those dates were extended and even after the Court took the time to . . . explain[] such obligations," yet "has the wherewithal to file numerous and spurious motions to strike and motions for sanctions . . . it is difficult to characterize [a plaintiff's] many deficiencies as anything other than willful and in bad faith." *Id.*

Here, Plaintiff did not simply miss discovery deadlines. He has not served discovery requests or initial disclosures; has not responded to Defendant's discovery requests or attempts to confer regarding the lawsuit; and he has not met any of this Court's deadlines. According to Defendant, Plaintiff has not participated at all in the lawsuit since at least July 8, 2022. Plaintiff's actions are especially noteworthy because he has been warned that "failure to cooperate in discovery will result in sanctions, possibly including but not limited to dismissal." (ECF No. 59). This factor militates toward dismissal.

### B. Prejudice Experienced by Adverse Party

A party "is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997).

Here, Defendant has "expended time, money and effort in pursuit of discovery that plaintiff was legally obligated to provide." *Moses v. Sterling Com. (Am.), Inc.*, No. CIV.A. 2:99-CV-1357, 2003 WL 23412984, at *4 (S.D. Ohio July 1, 2003), aff'd, 122 F. App'x 177 (6th Cir. 2005) (citing *Harmon*, 110 F.3d at 368). Further, Defendant avers that it has not been "able to obtain *any* affirmative discovery in order to prepare its defense to Plaintiff's claims." (ECF No. 64 at 7-8); *see Moses*, 2003 WL 23412984, at *4 (finding factor weighed toward dismissal where plaintiff failed to comply with defendant's attempts to complete discovery). This factor similarly militates toward dismissal.

### C. Previous Warnings

"When a plaintiff has not been given notice that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the derelict party has engaged in bad faith or contumacious conduct." *Mager*, 924 F.3d at 840 (quoting *Harmon*, 110 F.3d at 367 and *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)) (internal quotation marks omitted).

Here, Plaintiff has been notified that his case could be dismissed if he continued his conduct. (See e.g., ECF No. 59). Magistrate Judge Deavers expressly and specifically informed Plaintiff that "failure to cooperate in discovery will result in sanctions, possibly including but not limited to dismissal." (*Id.*) Thus, this factor militates toward dismissal.

5

### D. Less Drastic Sanctions

Rule 37(b) does not require that this Court impose less drastic sanctions, but instead that this Court consider such measures. *Mager*, 924 F.3d at 840. Examples of applicable lesser sanctions include financial penalties, court orders to compel, or striking claims. *See Peltz v. Moretti*, 292 F. App'x 475, 480 (6th Cir. 2008); *Burley v. Gagacki*, 729 F.3d 610, 618 (6th Cir. 2013); *Mager v. Wis. Central, Ltd.*, 924 F.3d 831, 840 (6th Cir. 2019).

Here, this Court not only previously considered such sanctions but imposed them. On multiple instances, Plaintiff has been subject to financial penalties for his previous conduct. *See* (ECF No. 65); *Asamoah v. Amazon.com Services*, 2:20-cv-3305 (S.D. Ohio, July 13, 2021) ECF No. 60. This Court has also granted multiple motions to compel Plaintiff's compliance in this case. See (ECF No. 59); *Asamoah v. Amazon.com Services*, 2:20-cv-3305 (S.D. Ohio, May 25, 2021) ECF No. 56. These lesser sanctions have failed to have the necessary result. Given the fact that Plaintiff has been expressly warned that the consequences of continued non-compliance could result in dismissal, this factor militates toward dismissal.

Having found that all four factors weigh heavily toward dismissal, this Court **GRANTS** Defendant's Motion to Dismiss for Failure to Participate in Discovery (ECF No. 63).

### IV. CONCLUSION

For the reasons thus stated, Defendant's Motion is **GRANTED**. (ECF No. 63). This case is **DISMISSED WITH PREJUDICE** under Rule 41(b) for failure to prosecute and under Rule 37(b)(2)(A) for failure to comply with orders of this Court.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: February 20, 2024**

6